**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3180
_____

IN RE: EX PARTE APPLICATION OF GLOBAL ENERGY HORIZONS
CORPORATION


Global Energy Horizons Corporation,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(District Court No. 1-13-mc-00265)
District Judge: Hon. Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 8, 2015
_____

Before: McKEE, *Chief Judge*, AMBRO, and HARDIMAN, *Circuit Judges*.

(Opinion filed: April 26, 2016)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

MCKEE, *Circuit Judge.*

Plaintiff Global Energy Horizons Corporation appeals the district court's orders denying its motions to compel discovery from Sheridan Production Company and for reargument. For the reasons that follow, we will affirm the district court's orders.[1]

**I.**

Because we write for the parties who are already familiar with the facts and procedural history, we set forth only the background necessary to our conclusion.[2] The district court's grant of Global's request for discovery from Sheridan pursuant to 28 U.S.C. § 1782 permitted Global to subpoena a wide range of documents from Sheridan. Most relevant to this appeal, Global's subpoena requested all communications between Sheridan's 400 to 450 employees and Gray/RegEnersys from 2006 to present and any financial documents relating to certain technology used in oil and gas production. Thereafter, Global filed a motion to compel full compliance and offered to share in the associated reasonable costs.

The district court denied the motion, concluding, *inter alia*, that Sheridan had already responded to multiple burdensome and costly discovery requests from Global and that it was unlikely that all 400 to 450 Sheridan employees had responsive information regarding Gray's ill-received profits. The court denied Global's motion for reargument and this appeal followed.

---

[1] The district court had jurisdiction pursuant to 28 U.S.C. § 1782. This court has jurisdiction under 28 U.S.C. § 1291.

[2] For a more detailed exposition of this matter's history, see Order Denying Motion to Compel, A2-001086 and Order Denying Motion for Reargument, A2-001546.

We review a district court's decision on a request for discovery under § 1782 for abuse of discretion.[3] In instances where the district court "misinterpreted or misapplied the law," or "relied on inappropriate factors in the exercise of its discretion," our review is plenary.[4] Because the district court did not commit any such errors in this case, we confine our review to abuse of discretion. We also review the district court's denial of the motion for reargument for abuse of discretion.[5]

## II.

28 U.S.C. § 1782 allows district courts to authorize litigants to obtain evidence for use in foreign proceedings.[6] In considering such requests, courts typically examine four factors, namely: (1) whether the discovery sought is within the foreign tribunal's jurisdictional reach and therefore accessible without aid under § 1782; (2) the nature of the foreign litigation and the foreign jurisdiction's receptivity to court assistance from the United States; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering limits or other policies of the foreign country; and (4) whether the subpoena includes unduly intrusive or overly burdensome requests.[7]

Only the fourth factor is disputed here. Section 1782 expressly incorporates the

---

[3] *See In re Chevron Corp.*, 633 F.3d 153, 161 (3d Cir. 2011).

[4] *Id.* (quoting *In re Bayer AG*, 146 F.3d 188, 191 (3d Cir. 1998)).

[5] *See McDowell v. Philadelphia Hous. Auth.*, 423 F.3d 233, 238 (3d Cir. 2005).

[6] 28 U.S.C. § 1782(a) (providing in relevant part that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal").

[7] *See In Re Chevron Corp.*, 633 F.3d at 162-64; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256-61 (2004).

Federal Rules of Civil Procedure and the fourth factor aligns with Rules 26 and 45. Thus, assessment of the fourth factor is virtually identical to the familiar "overly burdensome" analysis that is integral to the Federal Rules.[8] Accordingly, courts only allow "discovery [that] appears reasonably calculated to lead to the discovery of admissible evidence" pursuant to Rule 26.[9] However, discovery is circumscribed by Rule 45, which provides that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[10]

Global alleges that the district court committed five errors in denying its discovery request. We disagree. Accordingly, we hold that the district court did not abuse its discretion when it denied Global's motion to compel.

The district court reasonably concluded that much of the information Global sought was not likely to lead to the discovery of admissible evidence as required by Rule 26. The court found that Global's assertion that *all* 400 to 450 Sheridan employees were

---

[8] 28 U.S.C. § 1782(a) ("To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."); *see Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 192 (3d Cir. 1999) (explaining that the "Federal Rules of Civil Procedure . . . are incorporated by reference into 28 U.S.C. § 1782").
[9] FED. R. CIV. P. 26(b)(1) (2010) (amended in 2015 after the court issued its order; Rule 26(b)(1) now reads out "reasonably calculated to lead to the discovery of admissible evidence" in favor of discovery that is "proportional to the needs of the case").
[10] FED. R. CIV. P. 45(d)(1).

likely to have discoverable information was speculative. As the district court noted, Global did not provide any basis for this expansive assertion.[11]

Additionally, the district court properly treated the apparent lack of a formal business relationship between Sheridan and Gray as another count against Global's motion. Although not dispositive, the tenuous connection between Sheridan and Gray lessens the likelihood that Sheridan employees would be in possession of information likely to lead to discoverable evidence relating to Gray's profits. Similarly, the court did not abuse its discretion in considering Sheridan's CEO's affidavits and deposition testimony regarding Sheridan's business relationship with Gray. The fact that the court presiding over the foreign proceeding may have questioned the CEO's credibility is of little moment since that testimony was in a different context and the validity of the foreign court's determination in the district court is dubious.

The district court was on firm ground in concluding that the discovery sought by Global would likely have been intrusive and burdensome in violation of Rule 45 despite Global's offer to pay for reasonable costs. Rule 45 counsels against loosely tailored and burdensome demands for production such as Global's. As the district court explained, Global's desired discovery would likely have had a significant "collateral effect" on Sheridan's operations.[12] The record indicates that it would cause the disruption of each Sheridan employee, and not only require that they be interviewed to understand how their files are organized but also require that their hard drives be copied. Sheridan estimated

---

[11] *See* Order Denying Motion to Compel, A2-001086.
[12] Order Denying Motion for Reargument, A2-001546.

that this process would entail hundreds-of-thousands of dollars in costs that Global had not offered to cover. Thus, Global's contention that the district court abused its discretion in failing to consider Global's proposal to mitigate costs lacks sufficient merit.

We realize, of course, that the district court could have modified the motion, however, it was under no obligation to do so.[13] Sheridan had already spent thousands of dollars and substantial time responding to multiple discovery requests from Global since 2008, despite not being a party to the foreign proceedings. In other words, this is not a case where a party has wholly failed to provide discovery.[14] Sheridan had generally been responsive to Global's requests. Therefore, the district court's decision not to modify the subpoena was reasonable. Moreover, as discussed above, the record suggests that even a modified discovery request would not have led to additional discoverable information.

Finally, we conclude that the district court acted within its discretion in finding that Sheridan was under no duty to preserve its emails. The record did not lead the district court to conclude that Sheridan should have known that litigation was imminent.[15] Sheridan was not a party to the foreign proceeding and Global never sought a litigation hold on Sheridan's electronically stored information. Therefore, the district court did not

---

[13] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265 (2004) (noting that overly burdensome requests "*may* be rejected or trimmed") (emphasis added).
[14] *See Naviant Mktg. Sols., Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 187 (3d Cir. 2003) (holding that the district court abused its discretion when it ruled on a motion to compel without considering the good faith of the parties); *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 598 (7th Cir. 2011).
[15] *See Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001).

demonstrate a "gross abuse of discretion resulting in fundamental unfairness" requiring reversal of its denial to compel.[16]

## III.

Global's motion for reargument fares no better. As a general rule, such motions should only be granted "sparingly."[17] It is appropriate to grant reconsideration when at least one of the following can be shown: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."[18]

Global's motion rests only on the second factor. Global contends that it is entitled to reargument because: (1) new evidence suggests that Gray and Sheridan had a business relationship; (2) there are omissions in the documents that Sheridan has produced; and (3) the affidavits provided by Sheridan are from an individual who has a motive to mislead and has been found unreliable in the foreign proceeding. However, the district court found that Global's motion was not based on any new evidence or newly discovered facts. Global simply asked the district court to revisit the same arguments it already considered in ruling on the motion to compel. We will not negate the limitations on reargument and encourage "a never ending polemic" between the parties and the court by validating Global's request for reargument.[19]

---

[16] *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987) (citation omitted).
[17] *Adkins v. Rumsfeld*, 470 F. Supp. 2d 445, 447 (D. Del. 2007).
[18] *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).
[19] *Pirelli Cable Corp. v. Ciena Corp.*, 988 F. Supp. 424, 446 (D. Del. 1997).

7

**IV.**

For the reasons set forth above, we will affirm the district court's orders.